**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MACEE HOLLINGER,

Plaintiff,

v.

SAVANNA OSTHOFF, *et al.*,
Defendants.

Case No. 26-1300-JMK-BGS

**ORDER TO SHOW CAUSE**

Plaintiff Macee Hollinger filed this action *pro se*, bringing §1983 claims against Defendants relating to her children being placed in the custody of their fathers. (*See generally* Doc. 1.) In conjunction with her federal court Complaint, Plaintiff filed a motion to proceed without prepayment of fees, which is a motion requesting leave for Plaintiff to proceed *in forma pauperis* ("IFP"). (Doc. 3.) That motion has been granted by the undersigned by separate, contemporaneously-filed Order.

After review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2), however, the undersigned Magistrate Judge identifies significant concerns with Plaintiff's claims. By **November 16, 2026**, Plaintiff must either show cause why the undersigned should not recommend dismissal of the claims identified below or file an amended complaint[1] "as a matter of course" under Fed. R. Civ. P. 15(a)(1) that corrects the identified deficiencies.

**FACTUAL BACKGROUND**

Plaintiff brings this civil rights action against Defendants Savanna Osthoff and Kaitlin Traffas, both of whom are alleged to be employees of the state of Kansas Department of Children and Families (hereinafter "DCF"), as well as Breanna Grilliot, who is alleged to be an employee of DCCCA (which the undersigned surmises to be "Developing Caring Communities Committed to Action" in Wichita,

[1] Plaintiff is instructed and required to use the Court's form Complaint for any such amendment.

Kansas).[2] Plaintiff brings her claims pursuant to 42 U.S.C. § 1983 although she fails to indicate which particular constitutional rights were allegedly violated, as discussed below.[3] (Doc. 1, at 3.) She also contends that she and all named Defendants are citizens of Kansas. (*Id.*, at 2.)

Plaintiff claims generally arise from the factual contention that on October 2, 2024, she met with the Defendants to discuss her minor children. She alleges that the Defendants told her that she had "no choice but to allow her children to go live with their fathers" and coerced her into signing placement paperwork.(*Id.*, at 5.) She claims that she did not understand that by signing the papers she was consenting to her children being placed with her father. She goes on to state that to her knowledge, there was no underlying court proceeding pertaining to custody of her children. *Id.*

## ANALYSIS

### I. Legal Standard for Screening *IFP* Complaints.

When a plaintiff proceeds *IFP*, the court may screen the Complaint under 28 U.S.C. § 1915(e)(2). The court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992). *Sua sponte* dismissal under §1915(e) may be appropriate when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In evaluating whether dismissal is appropriate, the Court applies the same standard used for motions under Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir.

---

[2] The undersigned takes judicial notice that DCCCA indicates that it operates family preservation, foster care, behavioral health, and substance use prevention/treatment programs in Wichita, Sedgwick County, and the surrounding counties.
[3] As discussed below, however, Plaintiff fails to indicate the particular constitutional right that was allegedly violated. (Doc. 1, at 3.)

2007). The Court accepts well-pleaded facts as true and draws reasonable inferences in the plaintiff's favor. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

To survive screening, a complaint must contain sufficient factual matter to state a claim that is plausible on its face; conclusory allegations are insufficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–70 (2007). Although a complaint need not include detailed factual allegations, it must provide sufficient notice of the claims asserted so that a defendant may reasonably respond. Fed. R. Civ. P. 8(a); *Monroe v. Owens*, 38 Fed. App'x 510, 515 (10th Cir. 2002). Because Plaintiff proceeds *pro se*, the Court construes her filings liberally, but she must still allege sufficient facts to support a recognized legal claim. *Hall*, 935 F.2d at 1110.

While a complaint need not include detailed factual allegations, it must provide sufficient notice of the claims so that a defendant may respond appropriately. *See Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002). Under Federal Rule of Civil Procedure 8(a), a complaint must include three minimal pieces of information to provide notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the Court's jurisdiction depends; and (3) the relief requested. Detailed factual allegations are unnecessary, but labels, conclusions, and a formulaic recitation of elements do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The alleged facts must support a plausible claim, meaning a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). While the Court must construe the *pro se* Plaintiff's pleadings "liberally" and hold them to "a less stringent standard than formal pleadings drafted by lawyers," the Court must not "assume the role of advocate for the *pro se* litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

The Court also has an independent obligation to ensure it has subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."). The Court may raise the issue *sua sponte*. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). When it becomes apparent that subject matter jurisdiction is lacking, the Court must dismiss the case regardless of the stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016). To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the court looks to the face of the complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

## II. Application of Legal Standard to Plaintiff's Complaint.

### A. Federal Court Jurisdiction and Failure to State a Claim.

Federal courts have limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so. *PHH Mortg. Corp. v. Stuber*, No. 22-1075-JWB, 2022 WL 4597852, at *3 (D. Kan. Sept. 30, 2022). In addition, the Court has an obligation to ensure it has subject matter jurisdiction to hear and resolve the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). The Court may raise the issue *sua sponte*. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Because the jurisdiction of federal courts is limited, "there is a presumption against [ ] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

There are two statutory bases for federal subject-matter jurisdiction: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity – no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). For diversity purposes, "a natural person is deemed a citizen of the state in which he or she is domiciled." *Mid-Century Ins. Co. v. Johnson,* No. 13-2191-RDR, 2013 WL 3013620, at *2 (D. Kan.

June 14, 2013) (*citing Smith v. Cummings*, 445 F.3d 1254, 1260–61 (10th Cir. 2006)). Based on the information contained in Plaintiff's Complaint, the Court surmises that she and all Defendants are citizens of Kansas. (*See* Doc. 1, at 1-2.) Thus, there is no diversity of citizenship as a basis for federal court jurisdiction.

Plaintiff's Complaint is also insufficient to establish federal question jurisdiction. Although Plaintiff has indicated her claim arises pursuant to 42 U.S.C. §1983, she has failed to make a "plain statement identifying any specific violations of federal constitutional rights that would show she was entitled to relief under § 1983," which is fatal to her claim. *Johnson v. Fuss*, 350 Fed. Appx. 311, 313 (10th Cir. 2009) (affirming district court's dismissal of *pro se* Plaintiff's claim). "Although the … complaint must be construed liberally, the Court will not construct legal argument for a *pro se* litigant." (*Id.*)

While Plaintiff provides a brief narrative of the supporting facts, she does not identify a federal cause of action arising from the acts, nor does she connect them to a legal theory. Even construing the facts in the light most favorable to Plaintiff, her allegations are insufficient to establish subject matter jurisdiction or meet the applicable pleading standard. The Court's review of Plaintiff's *pro se* Complaint demonstrates that she has failed to "identify a cognizable federal cause of action arising from any of these alleged acts, **nor does she tie any specific legal theory of liability to the [Defendants'] alleged conduct in a manner sufficient to establish subject matter jurisdiction or state a plausible claim for relief**." *Fusilier v. Kansas*, No. 25-4132-JWB, 2026 WL 809468, at *3 (D. Kan. March 24, 2026) (emphasis added) (analyzing plaintiff's claims in context of Fed. R. Civ. P. 8). "A collection of allegations, without a coherent legal framework connecting them to recognized causes of action and particular defendants, fails to satisfy the pleading standards outlined in Rule 8." *Id.* (citation omitted). Simply stated, Plaintiff has failed to meet the Rule 8 requirement of setting forth a short and plain statement of the claim showing the pleader is entitled

to relief.

The undersigned Magistrate Judge thus instructs Plaintiff to **show cause, in writing, or file an amended pleading** addressing these issues with subject matter jurisdiction and Fed. R. Civ. P. 8 on or before **November 16, 2026**.

**B. Capacity of Defendants and Private vs. State Actors.**

Plaintiff brings her federal court claims pursuant to 42 U.S.C. §1983. (Doc. 1, at 3.) Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Because §1983 requires a deprivation of a right secured by the Constitution, Plaintiff is required to identify which constitutional right is alleged to have been violated. As discussed above, she has failed to do so.

The Court also notes that Plaintiff has not indicated whether she is suing Defendants in their individual or official capacities. It is well-established that "arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from §1983 damages suits." *Hull v. State of New Mexico Tax. and Rev. Dept.'s Motor Veh. Div.*, 179 Fed. Appx. 445, 446 (10th Cir. 2006) (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990) and *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, any claim for damages pursuant to § 1983 against a state agency and/or a state employee in his or her official capacity would be impermissible. To the extent Plaintiff's proposed amended pleading and/or show cause response maintains claims against

Defendants Osthoff and Traffas in their official capacities, the undersigned will recommend to the District Judge that such claims be dismissed.

Because Plaintiff is proceeding *pro se*, the Court will give her the benefit of that doubt that she intends to sue Defendants in their individual capacities. *Brady v. Smith*, 656 F.2d 466, 469 (9th Cir.1981) (liberal construction of *pro se* pleadings as asserting claims against named defendants in both their official and individual capacities). Even assuming, however, that Plaintiff brings her claims against Defendants in the appropriate capacities, she must still properly allege a § 1983 claim. "To state a claim under § 1983, a plaintiff must allege that the claimed deprivation was committed by a person acting under color of state law." *Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir.1996). The "under color of state law" requirement is "a jurisdictional requisite for a § 1983 action." *Polk County v. Dodson*, 454 U.S. 312, 315 (1981).

Section 1983 "creates no substantive civil rights," but rather serves "only [as] a procedural mechanism for enforcing" such rights. *Wilson v. Meeks*, 52 F.3d 1547, 1552 (10th Cir.1995). Thus, "the only proper defendants in a Section 1983 claim are those who 'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.' " *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir.1995) (quoting *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988)).

While the Tenth Circuit has acknowledged that the distinction between purely private conduct and governmental conduct can be difficult to ascertain, "state employment is generally sufficient to render the defendant a state actor." *Bjorklund v.* Miller, 779 F.Supp.3d 1283, 1301 (N.D. Okla. 2011) (quoting *Jojola v. Chavez*, 55 F.3d 488, 493 (10th Cir. 1995), abrogated on other grounds as recognized in *Martinez v. City of Aurora*, 174 F.4th 745, 756 (10th Cir. 2026)). " '[M]any tortious acts committed by state employees will occur in the performance of the employee's official duties,' and such actions are taken under color of law regardless of whether the state employee oversteps his

line of authority." *Id.* This general rule, however, is inapplicable "to purely private acts that are not 'committed on account of the authority vested in the employee by the state.' " *Id.* In the context of these principles, the Tenth Circuit stated that "it is the plaintiff's burden to plead, and ultimately establish, the existence of 'a real nexus' between the defendant's conduct and the defendant's 'badge' of state authority in order to demonstrate action was taken 'under color of state law.' " *Id.* Plaintiff's Complaint is also deficient in this regard. Thus, Plaintiff is directed to show cause, in writing, or file an amended pleading addressing the issue of capacity as to Defendants Osthoff and Traffas.

Further, Plaintiff has failed to establish that Defendant Grilliot, as an employee of private nonprofit entity DCCCA, is anything other than a private actor. It is well-established that to state a cause of action under § 1983, a plaintiff must show that she was injured as a result of state action. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982). Thus, private conduct by a non-state actor, "no matter how discriminatory or wrongful," does not fall under § 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, (1999) (internal quotations and citation omitted). *See also Bradley v. Health Midwest, Inc.*, 203 F. Supp. 2d 1254, 1256 (D. Kan. 2002). Unless Plaintiff, in her response to this Show Cause Order, is able to establish that Defendant Grilliot was a state actor for the events at issue, the undersigned will recommend that the claims against her be dismissed.[4]

---

[4] Even assuming Plaintiff could correct her pleading to identify a specific violation of federal constitutional rights that would show she was entitled to relief under § 1983, indicate the appropriate capacity for which she is suing Defendants, and/or establish that these individuals were acting under color of state law, the Court anticipates that these Defendants may be entitled to quasi-judicial immunity for their actions if Defendants' involvement was the result of an underlying court proceeding. The Court surmises that Defendants were appointed by a Sedgwick County judge pursuant to K.S.A. § 23-3210. It is well-established that quasi-judicial immunity extends to those who serve as an official aid of the judge or whose actions are intimately associated with the judicial process. *See Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (citation omitted) (finding that "absolute judicial immunity has been extended to non-judicial officers" such as pretrial services officers "where 'their duties had an integral relationship with the judicial process.'"). *See also Martinez v. Roth*, No. 94-2206, 1995 WL 261127, at *3 (10th Cir. 1995) (in context of court-appointed psychologist who assisted court in determining best interests of child); *Mayhew v. West-Watt*, No. 09-2684-PAB-CBS, 2011 WL 3236061, at *9-10 (D. Colo. 2011) (finding that court-appointed child family investigator immune). Further, Plaintiff's claims would be barred by the application of the *Rooker-Feldman* doctrine and/or *Younger* abstention. The *Rooker-Feldman* doctrine bars a party who did not succeed in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (internal quotation marks and citation omitted). The *Younger* abstention doctrine precludes federal courts from interfering with state-court proceedings absent

The undersigned Magistrate Judge thus instructs Plaintiff to show cause, in writing, or file an amended pleading addressing these issues. Plaintiff's response or Amended Complaint is due on or before **November 16, 2026**.

## III. Conclusion.

Plaintiff will have an opportunity to address the foregoing concerns before the undersigned determines whether to recommend dismissal. For the reasons explained above and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the undersigned Magistrate Judge instructs Plaintiff to **show cause, in writing, or file an amended pleading** addressing these issues with subject matter jurisdiction **on or before November 16, 2026**. Plaintiff's response to this Show Cause Order must either:

1. file an amended complaint addressing the concerns identified in this Order. Plaintiff may amend once as a matter of course under Federal Rule of Civil Procedure 15(a)(1). If she exercises that right, further amendments require the opposing party's written consent or the Court's leave under Rule 15(a)(2); or

2. file a written response showing cause why the undersigned should not recommend that the District Judge dismiss the official-capacity and prospective relief claims for the reasons identified above and dismiss federal claims that fail to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Any amended complaint must use the Court's civil-complaint form, bear this case number, be clearly labeled "Amended Complaint," and contain all claims and supporting allegations Plaintiff wishes to pursue. The Amended Complaint must stand on its own because an amended pleading ordinarily supersedes the original. *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991).

If Plaintiff does not timely respond or amend, or if her submission does not adequately address the applicable jurisdictional and substantive concerns, the undersigned may recommend dismissal of the claims without prejudice. Separately, failure to comply with this Order may result in a recommendation of dismissal without prejudice under Federal Rule of Civil Procedure 41(b). *See*

extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).

*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161-62 (10th Cir. 2007).

**IT IS SO RECOMMENDED.**

Dated October 16, 2026, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge